873 F.2d 1437
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin BUCKNER, Petitioner
v.
US MARINE CORPS MORALE CLUB SYSTEM: Commercial Union
Insurance Companies: Director, Office of Workers
Compensation Programs, United States
Department of Labor, Respondents.
 No. 88-3584.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 7, 1989.
Decided: April 5, 1989.
 
 Susan Edith Cummins, (Robert B. Adams, Ashcraft & Gerel, on brief), for petitioner.
 Harris Dewey Butler, III (Williams, Butler & Pierce, on brief), for respondents.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges and N. CARLTON TILLEY, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Franklin R. Buckner appeals from a decision of the United States Department of Labor's Benefits Review Board which denied his petition for disability benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA" or "the Act"), 33 U.S.C. Sec. 901, et seq. (1986). Because Buckner's actual injury was to his back, a part of the body unscheduled in the Act and because he suffered no loss of wage earning capacity, we affirm the decision of the Board.
 
 
 2
 * Buckner, an accountant for the U.S. Marine Corps Morale Club System, injured his back at work when a chair slid out from underneath him as he attempted to sit. While recuperating from surgery for the removal of a disc and for a spinal fusion, Buckner was confined to a bed where he developed an entrapped ulnar nerve resulting in weakness and intermittent numbness in his left forearm and hand. Since the surgery, he has experienced continuing pain in his right leg.
 
 
 3
 Following a period of temporary total disability for which benefits were allowed under the Act, Buckner was able to return to his normal work as an accountant, losing neither actual wages nor wage earning capacity. Because of the impairments to his left arm and right leg, he sought compensation for permanent partial disability, claiming a 15 per cent disability of the left arm and a 30 per cent disability of the right leg. The Board held that since Buckner's actual injury was to his back, a body part unscheduled in the Act, 33 U.S.C. Sec. 908(c)(21), he must demonstrate an actual loss of earning capacity to receive benefits, even though the alleged impairments were to an arm and a leg, which are both scheduled as Sec. 908(c)(1) and Sec. 908(c)(2) respectively.
 
 II
 
 4
 The purpose of the LHWCA is to partially compensate covered workers for lost wage earning capacity resulting from injuries suffered in the workplace. Long v. Director, OWCP, 767 F.2d 1578 (9th Cir.1985). The Act does not guarantee a "completely adequate remedy" for industrial injuries and resulting disabilities nor "attempt to compensate injured employees for their entire loss" and may "seriously undercompensate some employees." Potomac Electric Power Company v. Director, OWCP, 449 U.S. 268, 281-283 (1980).
 
 
 5
 " 'Disability' means incapacity because of injury to earn wages which the employee was receiving at the time of injury ..." 33 U.S.C. Sec. 902(10). In specifying how benefits are to be allotted for permanent partial disabilities, the Act schedules presumptive periods of disability allowable for the loss of certain named body parts, such as an arm, a leg, a hand, a foot, an eye, etc. 33 U.S.C. Secs. 908(c)(1)-(17). When an injury to a scheduled member results in less than total loss of use, the period of disability is calculated proportionate to the impairment. 33 U.S.C. Sec. 908(c)(19). For example, benefits for partial permanent disability resulting from an eye injury would be determined by referring to the schedule, 33 U.S.C. Sec. 908(c)(5), where a presumptive disability period of one hundred and sixty weeks is established for the loss of an eye. Should the actual injury to the eye result in a 20% loss of use, the disability period would be calculated by multiplying 160 X .20 = 32.0 weeks.
 
 
 6
 Injuries to parts of the body not named in the schedule are provided for in 33 U.S.C. Sec. 908(c)(21), which includes no presumptive disability period but allows compensation for the entire period during which an employee can demonstrate a lowered capacity to earn wages. Back injuries are not found in the schedule and a claimant, to receive compensation, must demonstrate the disability by showing a reduced capacity for earning.
 
 
 7
 In Potomac, supra, the Supreme Court held that in drafting the Act, Congress had not authorized a person suffering injury to a scheduled body part to elect instead to receive benefits under 33 U.S.C. Sec. 908(c)(21) by proving actual impairment of the ability to earn wages. In Long, supra, the Ninth Circuit held that when the actual injury was to a non-scheduled part of the body, benefits must be determined according to 33 U.S.C. Sec. 908(c)(21) even if consequent impairment included loss of use of scheduled limbs. Basing its holding upon Potomac, an analysis of Congressional intent in enacting the LHWCA, and upon recent cases that have awarded benefits under 33 U.S.C. Sec. 908(c)(21) for impairment to limbs caused by accidental injury to a non-scheduled body part, the Court observed:
 
 
 8
 "The purpose of the statute is to compensate for lost wage-earning capacity. 'Schedules are set up not to put a 'price' on certain parts of the human body, but to ameliorate an otherwise intolerable administrative burden by providing a certain and easily applied method of determining the effect on wage-earning capacity of typical and classifiable injuries.' " (Emphasis added)
 
 
 9
 Long, supra, at 1582 (citations omitted).
 
 
 10
 Had Mr. Buckner's back injury, either by itself or in combination with consequential arm and/or leg injuries, operated to diminish his capacity as a wage earner, he would have been entitled to benefits proportionate to the diminution and for so long a time as his ability as a wage earner was actually reduced.
 
 
 11
 Because the purpose of the Act is to compensate the loss of wage earning capacity, because Mr. Buckner's actual injury was to his back, an unscheduled body part, and because he suffered no loss of wage-earning capacity, the decision of the Board denying benefits is
 
 
 12
 AFFIRMED.